**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**IN RE:WINROCK GRASS FARMS, INC.**                     **DEBTOR**


**WINROCK GRASS FARMS, INC.**                     **PLAINTIFF**


**VS.**                     **CASE NO. 4:08CV000126 JMM**


**AFFILIATED REAL ESTATE**
**APPRAISERS OF ARKANSAS, INC.; ET AL.**                     **DEFENDANTS**


**ORDER**

I. *Procedural History*

  Plaintiff filed its original Chapter 11 bankruptcy proceeding in September of 2004 which

was dismissed upon motion of the United States Trustee in June of 2005.  On August 17, 2007,

the plaintiff voluntarily re-opened the Chapter 11 proceeding.

  On August 24, 2007, the plaintiff filed an adversary proceeding against defendants

alleging non-core state law claims of fraud, interference with business expectancy, negligence,

and breach of fiduciary duty.  *See Specialty Mills v. Citizens State Bank*, 51 F.3d 770, 773 (8th

Cir. 1995) (core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or

involve a right created by federal bankruptcy law.)

1

The plaintiff subsequently made a demand for a jury trial, withheld its consent to a jury trial before the Bankruptcy Court, and filed a Motion to Withdraw The Reference to the Bankruptcy Court.  On February 7, 2008, this Court found that the plaintiff was entitled to a jury trial and withdrew the reference to Bankruptcy Court.

Defendants filed their answer to the complaint and moved for judgment on the pleadings. Discovery was stayed by the parties until the Court ruled on the pending motions for judgment on the pleadings.

On August 25, 2008, the Bankruptcy Court accepted an agreement between the plaintiff and the United States Trustee to dismiss plaintiff's bankruptcy case.  The Bankruptcy Court issued an Order of Dismissal on August, 2008.  This Order of Dismissal did not retain jurisdiction over any pending adversary proceeding or any other matter.

On September 5, 2008, this Court directed the parties to brief the issue of whether this Court retains jurisdiction following that dismissal.

II.  *Analysis*

The issues confronted here are whether this Court retains jurisdiction over this adversary proceeding when the underlying bankruptcy case has been dismissed, and, if so, whether it is bound to exercise that jurisdiction.

Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.  *See Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971), *cert. denied*, 405 U.S. 926 (1972), (citing *Lockerty v. Phillips,* 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943)).  Plaintiff contends that this Court retains subject matter jurisdiction pursuant to 28 U.S.C. § 1334 based upon its Chapter 11 bankruptcy, 28 U.S.C. § 1331 based upon the presence

2

of a federal question and 28 U.S.C. § 1367 based upon the pendent, or supplemental, state claims.[1]

   A. *Jurisdiction Pursuant to 28 U.S.C. § 1334 and § 1331*

   Plaintiff contends that once its claims were properly before the Court as an adversary proceeding in the Bankruptcy Court, jurisdiction pursuant to 28 U.S.C. § 1334(b) could not be divested by subsequent events.

   Even though district courts have original jurisdiction over bankruptcy cases pursuant to § 1334(b), as a general rule, the dismissal or closure of a bankruptcy case usually results in the dismissal of related adversary proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings.  *See Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 892 (8th Cir. BAP 2001) (Eighth Circuit  recognizes general rule) (citing *Tim Wargo & Sons, Inc. v. Mankin Farms, Inc. (In re Tim Wargo & Sons, Inc.)*, 107 B.R. 626 (Bankr. E.D. Ark. 1989)).

   However, an exception to this general rule may exist which gives the Court discretion to retain jurisdiction over any adversary proceeding even when the underlying bankruptcy case has been dismissed when dictated by judicial economy, fairness and convenience to the parties, and the degree of difficulty of the related legal issue involved.  *See Id.; Tim Wargo & Sons, Inc. v. Mankin Farms, Inc. (In re Tim Wargo & Sons, Inc.)*, 107 B.R. 626 (Bankr.E.D.Ark.1989).

   Courts have also analogized the decision to retain jurisdiction of adversary proceeding following dismissal of the bankruptcy case to situations in which courts exercise supplemental

---

   [1]"In 1990, Congress consolidated and codified the common law doctrines of ancillary and pendent jurisdiction under the title "Supplemental jurisdiction," in 28 U.S.C. § 1367." *Motion Control Corp. v. SICK, Inc.,* 354 F.3d 702, 705 (8th Cir. 2003).

3

jurisdiction. *See In re Carraher*, 971 F.2d 327 (9th Cir. 1992).   When determining whether a court should exercise supplemental jurisdiction, courts are to balance factors such as judicial economy, convenience, fairness and comity.   *See Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006)

After considering the factors listed above, the Court declines to retain jurisdiction. Judicial economy would not be best served by retention. This adversary proceeding is in its early stages with only pending motions for judgment on the pleadings before the court and discovery has been stayed by the parties.

Fairness and convenience to the litigants further militates against retaining jurisdiction because these claims can be litigated in state court.  Although the Court does not find the degree of difficulty of the related legal issues involved too complicated or technical, the Court believes that the state court is equally well equipped to resolve these claims particularly because all the claims are state law causes of action.

Moreover, the principles of comity support declining to retain jurisdiction over these claims.  "The comity doctrine 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" *Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005) (citing *Rhines v. Weber*, 544U.S. 269, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005)).  Here the plaintiff has previously sought in Pulaski County Circuit Court to bring these same claims, or claims based upon the same, or some portion of the same, factual allegations against these same defendants.

In the alternative the plaintiff contends that 28 U.S.C. § 1331 gives this Court jurisdiction because its claims implicate significant federal issues related to national banks, federal bankruptcy courts, and the Financial Institution Reform, Recovery and Enforcement Act ("FIERRA") in concert with federal banking regulation 12 C.F.R. § 34.44 which requires compliance by banks with the Uniform Standards of Professional Appraisal Practice ("USPAP").

In support of its argument, the plaintiff cites the holding in *Grabel & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) where the Supreme Court found that cases involving a genuine controversy regarding the construction of a federal law raise a federal question sufficient to confer jurisdiction under 28 U.S.C. § 1331.

Federal district courts have been granted original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.  As argued by the plaintiff, the Supreme Court has indicated that a case may arise under federal law " 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' " *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S.1, 9, 103 S.Ct. 2841,2846, 77 L.Ed.2d 420 (1983)).

The plaintiff brings state law claims of fraud, interference with business expectancy, negligence, and breach of fiduciary duty.  As an element of each of these claims against all of the defendants, the plaintiff contends that Affiliated Real Estate Appraisers of Arkansas, Inc. ("Affiliated") and defendant Ferstl did not conform to the USPAP as required by FIRREA.

Whether defendants violated the FIRREA by not applying the standards set out in the USPAP does not turn on any  interpretation or construction of federal law.  As defendants Ferstl and Affiliated point out, FIRREA's only relevance to plaintiff's claims is to explain the requirement of compliance with USPAP.  Defendant Metropolitan National Bank ("Metropolitan") correctly points out that this is not a case "where the vindication of a right under state law necessarily involves construction of federal law." *Id*.   The plaintiff does not challenge the regulations, only the compliance of such regulations.  Jurisdiction cannot be based upon such a slender thread.

B.  *Jurisdiction Pursuant to 28 U.S.C. § 1367*

Courts generally agree that a district court has supplemental jurisdiction under 28 U.S.C. § 1367 with regard to its bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334.  *See Heartwood 11, LLC v. DeKalb County (In re Hospitality Ventures/LaVista)*, 358 B.R.462, 466 (Bankr. N.D. Ga. 2007).  Under § 1367(c), a district Court may decline jurisdiction over pendent state claims if the court has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).

Here, the Court has found that jurisdiction does not lie based upon the exception to the general rule concerning dismissed bankruptcy cases and pending adversary proceedings and that plaintiff's claims do not implicate significant federal issues.

To the extent that these findings dismissed all claims over which the Court had original jurisdiction, the Court declines to exercise its discretion to retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) for the reasons previously stated for rejecting plaintiff's

arguments that jurisdiction existed pursuant to 28 U.S.C. § 1334(b).

III.  *Conclusion*

Plaintiff's claims are dismissed without prejudice as to their merits.  Judgment will be entered accordingly.

IT IS SO ORDERED THIS  23   day of   October  , 2008.


_____
James M. Moody
United States District Judge

7